**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CHARLES D. CARTER,

    Plaintiff,

v.                                                                                 Civ. No. 22-420 DHU/KK

STATE OF NEW MEXICO, *et al.*,

    Defendants.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte*. Plaintiff filed his Complaint to Recover Damages for Injury in the Second Judicial District Court for the States of New Mexico on Damages for Violations of Civil and Constitutional Rights on March 29, 2022. (Doc. 1-4.) Defendant the City of Albuquerque removed the action to this Court on June 2, 2022. (Doc. 1.)

Federal Rule of Civil Procedure 4 states in pertinent part that

> [i]f a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Unless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(*l*)(1).

According to federal statute,

> [i]n all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448.   Federal Rule of Civil Procedure 4, in turn, allows a plaintiff 90 days from the date the complaint is filed in which to serve a defendant with process.   Fed. R. Civ. P. 4(m).   The

Tenth Circuit has interpreted 28 U.S.C. § 1448 and Rule 4(m) to give the plaintiff in a removed case 90 days "from the date [the] defendant removes the case to federal court in which . . . imperfect or defective service may be cured." *Palzer v. Cox Okla. Telecom, LLC*, — F. App'x —, 2016 WL 6818839, at *2 (10th Cir. Nov. 18, 2016);[1] *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706-07 (10th Cir. 2010); *see also Green v. Bank of Am., N.A.*, 2013 WL 11336861, at *2 (D.N.M. Nov. 8, 2013) ("Taken together § 1448 and Rule 4 afford the plaintiff [90] days from the date of removal to properly serve the defendant.").

Thus, the 90-day deadline for Plaintiff to serve Defendant the State of New Mexico expired on August 31, 2022. However, to date, Plaintiff has filed neither proof of service of process on this Defendant nor a motion for an extension of time to accomplish such service. Thus, Plaintiff has failed to file proof of service as required by Rule 4(*l*) and appears to have failed to timely serve Defendant under Rule 4(m).

IT IS THEREFORE ORDERED that, by **Monday, October 3, 2022**, Plaintiff shall: (1) file proof of service of process on Defendant the State of New Mexico in compliance with Federal Rule of Civil Procedure 4; or, (2) show cause why his claims against this Defendant should not be dismissed without prejudice for failure to timely accomplish such service.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

---

[1] Unpublished decisions are not binding precedent in the Tenth Circuit but may be cited for their persuasive value. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).