IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLES D. CARTER,

     Plaintiff,

v.                                                                      Civ. No. 22-420 DHU/KK

STATE OF NEW MEXICO, *et al.*,

     Defendants.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court *sua sponte* on a review of the record. By an Order of Reference filed June 27, 2022, (Doc. 13), the presiding United States District Judge referred this matter to me to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of this case. For the following reasons, I **RECOMMEND** that this case be **DISMISSED WITHOUT PREJUDICE**.

### I.     BACKGROUND

Plaintiff filed his Complaint to Recover Damages for Injury in state court on March 29, 2022. (Doc. 1-4.) Defendant the City of Albuquerque ("City") removed the action to this Court on June 2, 2022. (Doc. 1.) At that time, Plaintiff had not served Defendant the State of New Mexico ("State"). (*Id.* at 3.)

On June 9, 2022, the City moved to dismiss Plaintiff's claims against it under Federal Rule of Civil Procedure 12(b). (Doc. 5.) Also on June 9, 2022, Defendants the County of Bernalillo and the Bernalillo County Metropolitan Detention Center[1] (collectively, "County Defendants")

---

[1] In his complaint, Plaintiff incorrectly refers to the Bernalillo County Metropolitan Detention Center as the "Albuquerque Metropolitan Detention Center." (Doc. 1-4 at 1; Doc. 7 at 1 n.2.)

likewise moved to dismiss Plaintiff's claims against them under Rule 12(b). (Doc. 7.) The Court will refer to the two pending motions collectively as the "Motions to Dismiss." To date, Plaintiff has not responded to either of the Motions to Dismiss.

On August 19, 2022, the Court entered an order to show cause (Doc. 17) ("First Order to Show Cause") requiring Plaintiff, no later than September 22, 2022,[2] to show cause why his failure to respond to the Motions to Dismiss should not be deemed consent to dismissal of his claims against the City and the County Defendants for failure to prosecute. (*Id.* at 2.) The Court cautioned Plaintiff that, "[s]hould [he] fail to timely show cause, the Court may immediately dismiss this action as against" these Defendants. (*Id.*) Nevertheless, to date, Plaintiff has not responded to the First Order to Show Cause.

On September 2, 2022, the Court entered another order to show cause (Doc. 18) ("Second Order to Show Cause"), requiring Plaintiff, no later than October 3, 2022, to:  (1) file proof of service of process on the State; or (2) show cause why his claims against this Defendant should not be dismissed without prejudice for failure to timely accomplish such service. (*Id.*at 2.) However, to date, Plaintiff has neither filed proof of service on the State nor otherwise responded to the Second Order to Show Cause.

## II.    APPLICABLE LAW

Pursuant to this Court's local rules, "[a] response must be served and filed within fourteen (14) calendar days after service of the motion." D.N.M. LR-Civ. 7.4(a). "[T]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M. LR-Civ. 7.1(b). *Pro se* litigants are bound by

---

[2] The First Order to Show Cause required Plaintiff to respond within 30 days. (Doc. 17 at 2.) Thirty days after August 19, 2022, fell on Sunday, September 18, 2022. Under Federal Rule of Civil Procedure 6(a), the 30-day period continued to run until Monday, September 19, 2022, and under Rule 6(d), three days were added because Plaintiff received service by mail. Fed. R. Civ. P. 6(a)(1)(C), (d). Thus, the deadline for Plaintiff to respond to the First Order to Show Cause expired on Thursday, September 22, 2022.

simple local procedural rules such as these. *Brandenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980).

Under Federal Rule of Civil Procedure 4, in turn, a plaintiff must serve a summons and a copy of the complaint on each defendant within 90 days of filing the complaint. *See* Fed. R. Civ. P. (4)(c)(1), (m). In cases removed from state court, the plaintiff has 90 days "from the date [the] defendant removes the case to federal court in which … imperfect or defective service may be cured." *Palzer v. Cox Okla. Telecom, LLC*, 671 F. App'x 1026, 1028 (10th Cir. 2016); *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706-07 (10th Cir. 2010); *see also Green v. Bank of Am., N.A.*, 2013 WL 11336861, at *2 (D.N.M. Nov. 8, 2013) ("Taken together [28 U.S.C.] § 1448 and Rule 4 afford the plaintiff [90] days from the date of removal to properly serve the defendant."). If a defendant is not served within that deadline, "the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). *Pro se* parties must comply with the rules governing service of process. *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993).

Finally, Federal Rule of Civil Procedure 41 provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the [r]ule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). "Employing Rule 41(b) to dismiss a case without prejudice … allows the plaintiff another go" at compliance with rules and orders; "accordingly, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures," such as evaluation of the "*Ehrenhaus* factors." *Nasious v. Two Unknown B.I.C.E Agents, at Arapahoe Cty. Just. Ctr.*, 492 F.3d

3

1158, 1162 (10th Cir. 2007); *see Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (listing five factors for district courts to consider in determining whether to dismiss as a sanction).

### III.    ANALYSIS

Plaintiff has failed to prosecute his case in two ways. First, he has failed to timely file responses to the Motions to Dismiss. Under Local Rule 7.4 and Federal Rule of Civil Procedure 6, Plaintiff's responses were due no later than June 27, 2022. D.N.M. LR-Civ. 7.4(a); Fed. R. Civ. P. 6(a)(1)(C), (d). However, to date, Plaintiff has not responded to either motion. Under Local Rule 7.1, Plaintiff's failure to timely respond constitutes consent to dismiss his claims against the City and the County Defendants. D.N.M. LR-Civ. 7.1(b). Second, Plaintiff has not served the State within the 90-day deadline set by Federal Rule of Civil Procedure 4, nor has he sought an extension of time in which to do so.

Plaintiff has also failed to comply with the Court's orders. The deadlines to respond to the First and Second Orders to Show Cause were September 22, 2022, and October 3, 2022, respectively. (Doc. 17, 18.) But to date, Plaintiff has not responded to either order.

### IV.    RECOMMENDATION

Based on Plaintiff's failures to timely (1) respond to the City's and the County Defendants' Motions to Dismiss, (2) serve the State, and (3) comply with this Court's First and Second Orders to Show Cause, I **RECOMMEND** that Plaintiff's action be **DISMISSED WITHOUT PREJUDICE**.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

4

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**